**LAW AND EQUITY COURT OF THE CITY OF RICHMOND**

Gay Nineties, Inc.

v.

International Dining Club

September 13, 1973

Case No. 6146

By JUDGE ALEX H. SANDS, JR.

The motion for declaratory judgment filed raises two issues, i.e., whether the contract is void or voidable for (1) lack of mutuality or (2) lack of consideration. Actually, the issue of material misrepresentations is also raised, but this cannot be reached under the facts of this case by declaratory judgment procedure.

The basic concept of the contract is thus set forth in paragraphs (1) and (2) of the contract between the parties:

(1) Dining Club hereby agrees to accept the second party as a participant in all activities of the International Dining Club with the understanding that the purpose for this agreement will be the furtherance of the mutual interests of the respective parties hereto. In particular, Dining club agrees that it will advertise regularly through conventional advertising methods in an effort to distribute booklets of certificates entitling the purchasers of these booklets to use the facilities of the second party, thereby introducing the purchasers of those said booklets of certificates to the dining

and/or other facilities of the second party under the terms and conditions set forth below.

(2) In consideration whereof the second party agrees to provide to each certificate holder, i.e., member of the International Dining Club, those goods and services hereinafter stipulated under the terms and conditions set forth, which terms and conditions will be made known to each club member by Dining Club.

The gravamen of plaintiff's complaint is that paragraph 3 of the contract lacks mutuality in that it gives the defendant the privilege of cancelling with or without cause on thirty days' notice, while plaintiff is given only the privilege of preventing renewal upon ninety days' notice prior to the expiration of the term. Both parties had been operating under the terms of the agreement for more than a year prior to the institution of the action.

The universally recognized rule appears to be that while the promises must be mutual, that is, both parties must be given options, the options do not have to be coextensive. Williston, *Contracts*, 3d ed., § 105A.

That this view is held in Virginia is apparent from this language in *Blake v. Smith*, 147 Va. 960, 971-72 (1926):

Mutuality of contract as now commonly understood should properly be taken to be sufficiently complied with when there are promises on each side that something shall be done for the benefit of the other side furnishing therefor considerations by each party, although they may relate to different terms of the contract and may be conditioned upon performance by the other party.

Plaintiff relies upon *American Agriculture Co. v. Kennedy*, 103 Va. 171 (1904), to support its position that the contract in question is a nullity because of lack of mutuality and of consideration. A reading of *Kennedy*, however, does not justify plaintiff's contention for two reasons. In the first place, the contract in *Kennedy* provided that as to the plaintiff: "We reserve the right to cancel this contract *at any time* . . . ." (Emphasis

added). This language, of course, provided for cancellation *without notice* at any time. As the court pointed out, under this provision the plaintiff was *never* under any legal obligation to deliver, as it could have exercised its right of cancellation *immediately* after executing the agreement. In the case at bar, on the contrary, defendant was bound, for at least a period of thirty days after entering into the agreement, to perform in accordance with its terms.

Secondly, *Kennedy* makes it clear that where performance is offered *and accepted* by both parties, the necessary mutuality comes into existence even though it did not exist in the beginning. The *offer* to perform does not create the mutuality, but the acceptance by the other party does. (See page 177.)

The case of *Town of Vinton v. Roanoke*, 195 Va. 881 (1954), relied upon by plaintiff, is not opposite. The discussion there turned upon the absence in the contract of any provision from which could be determined the duration of the service contracted for.

Again, turning to the question of consideration, there is no doubt under the language of the contract under considerations that *some* consideration flowed both ways. The consideration may, it is true, have been weighted in favor of defendant, but it is not the function of the court to determine the adequacy of the consideration. *Good v. Dyer*, 137 Va. 114 (1923); *Texas Co. v. Northrup*, 154 Va. 428 (1930).

It is, accordingly, held that the contract under review does not fail for want of mutuality nor for want of consideration, and the relief sought by the plaintiff will be denied.